UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

DENNIS VEGA,

                    Plaintiff(s),

    v.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
YOUNG, PSA-1 Precinct,
NEW YORK CITY POLICE OFFICER
RAMOS, Shield # 20203, PSA-1 Precinct,
                  Defendant(s).
-----------------------------------------------------X



**COMPLAINT &
JURY DEMAND**



**VITALIANO, J.**

**J. ORENSTEIN, M.J.**

## PRELIMINARY STATEMENT

1.  This is a Civil Rights action in which Plaintiff, DENNIS VEGA, seeks redress for the
Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981
and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses
of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the
laws and Constitution of the State of New York.

## JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being
an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount
of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of
interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, DENNIS VEGA is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER YOUNG, upon information and belief of PSA-1 Precinct, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER YOUNG is sued individually and in his official capacity. At all times relevant Defendant OFFICER YOUNG was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant OFFICER YOUNG was acting for and on behalf of

Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE OFFICER RAMOS, Shield # 20203, also upon information and belief, of the PSA-1 Precinct, is, and at all times relevant, an officer and employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER RAMOS is sued individually and in his official capacity. At all times relevant, Defendant OFFICER RAMOS, was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of her lawful function in the course of his duties. Defendant OFFICER RAMOS was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to his lawful duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services

provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11.        11. Defendant NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created

and authorized under the laws of the State of New York.  It is authorized by law to carry out all

police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the

maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On July 4, 2007 at approximately 7:00 p.m. Plaintiff, who is a resident of Kings County,

was in the vicinity of 2292 West 8th Street in Brooklyn, New York.  Upon information and

belief Plaintiff was just leaving a store after purchasing a sandwich and was in the process of

counting approximately $48.00 in change, when he was approached by Defendant Officers

YOUNG and RAMOS.  Upon information and belief, the Defendant Officers ordered the

Plaintiff to halt.  Upon further information and belief, Defendant Officer RAMOS then began

to question the Plaintiff about guns and drugs in the immediate area, informing the Plaintiff

that a firearm had been found at the location earlier in the day.  Upon further information and

belief, Plaintiff began to object to the questioning by the Defendant Officers, whereupon

Defendant Officer YOUNG placed the Plaintiff in a chokehold, causing Plaintiff to lose the

ability to breathe during his encounter with the Defendant Officers.   Upon further

information and belief Defendant Officer RAMOS then began to twist Plaintiff's arm behind

his back until Plaintiff heard an audible "pop" emanate from his elbow.  Upon information

and belief, the Plaintiff was then further physically struck about the head legs and body by

both Defendant Officers, handcuffed, searched and taken to the PSA-1 Precinct located at

23rd Avenue and Mermaid Avenue in Kings County.  En route to the precinct, and while at the Precinct, Plaintiff continually asked the Defendant Officers for medical aid for his arm, which Plaintiff believed to be broken.   Upon further information and belief, Plaintiff's requests for medical attention were ignored by members of Defendant NEW YORK CITY POLICE DEPARTMENT, and the named Defendant Officers, for at least one hour.   Upon further information and belief, the named Defendant Officers assigned the arrest of Plaintiff to another member of Defendant NEW YORK CITY POLICE DEPARTMENT while at the PSA-1 Precinct.  Plaintiff was eventually transported by named Defendant Officers YOUNG and RAMOS to Coney Island Hospital where Plaintiff received medical treatment for his injuries, including X-Rays of his neck, back, arm and elbow and a CAT scan of his head.  Upon further information and belief, Plaintiff's arm was placed in a splint by medical personnel.  Upon information and belief, the Plaintiff was subsequently transported from Coney Island Hospital back to PSA-1 at approximately 3:00 a.m. on July 5, 2007, where he was searched again, fingerprinted and photographed by members of Defendant NEW YORK CITY POLICE DEPARTMENT.  Plaintiff was subsequently transported to Central Booking where Plaintiff was searched a third time, and charged by the KINGS COUNTY DISTRICT ATTORNEY with Disorderly Conduct (New York Penal Law Section 240.20), Resisting Arrest (New York Penal Law Section 205.30) and Criminal Possession of Marijuana (New York Penal Law Section 221.10)  Plaintiff was subsequently arraigned and released.  Upon further information and belief, Plaintiff was forced to undergo extensive medical rehabilitation for his arm injury, and was forced to stop working as a painter due to his inability to perform his job due to his injury.

–5–

Plaintiff's leg, foot and arm continue to cause him extreme pain and require medical treatment.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution

13. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant Police Officer YOUNG acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, detaining, and physically assaulting Plaintiff, without probable cause.

15. That the actions of Defendant Police Officer YOUNG occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Sixteen (15) as if fully set forth herein.

17. That upon information and belief, the conduct of Defendant Police Officer RAMOS, Shield number 20203, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully detaining, arresting, physically assaulting and searching Plaintiff without probable cause.

18. That the actions of Defendant Police Officer RAMOS occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and

### The United States Constitution

### Excessive Force

19. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER YOUNG acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully using excessive force during the arrest of Plaintiff.

21. That the actions of Defendant NEW YORK CITY POLICE OFFICER YOUNG occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

### FOURTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983

### Excessive Force

22. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

−7−

23. That the actions of Defendant NEW YORK CITY POLICE OFFICER RAMOS, Shield Number 20203, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force against the Plaintiff during his arrest.

24. That the actions of Defendant NEW YORK CITY POLICE OFFICER RAMOS occurred in and during the course and scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent/employee of Defendants NEW YORK CITY POLICE DEPARMENT, and CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant New York City Police Officer YOUNG resulted in the false arrest, intentional physical assault, detention and search of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant New York City Police Officer RAMOS, Shield # 20203 resulted in the false arrest, and detention and search of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Twenty Eight (28) as if fully set forth herein.

30.   That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer YOUNG resulted in the false arrest, intentional physical assault, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

31.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening,   supervising and/or instructing Defendant New York City Police Officer YOUNG resulted in the false arrest, intentional physical assault, detention and search and seizure of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

33.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34.   That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer RAMOS, Shield  # 20203, resulted in the false arrest, intentional physical assault, detention and searches of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

35.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Thirty Four (34) as if fully stated herein.

36.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer YOUNG resulted in the false arrest, physical assault, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH STATE LAW CLAIM

37.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38.  That the actions of Defendant New York City Police Officer YOUNG intentionally inflicted physical injury and emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including medical bills and pain and suffering.

## EIGHTH STATE LAW CLAIM

39.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40.  That the actions and nonfeasance of Defendant New York City Police Officer RAMOS intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, incurrence of monetary damages including medical bills, public humiliation and embarrassment.

## NINTH STATE LAW CLAIM

41.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42.  That Defendant NEW YORK CITY POLICE OFFICER YOUNG did knowingly, falsely

and maliciously slander Plaintiff, falsely accusing Plaintiff of the violation of Disorderly Conduct and Resisting Arrest (New York Penal Law Sections 240.20 and 205.30), and further causing Plaintiff to incur damages, including damage to his reputation.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officer YOUNG of PSA-1 PSA-1 Precinct.

3. Punitive Damages against Defendant New York City Police Officer RAMOS, Shield # 20203, PSA-1 Precinct.

4. Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.


Dated: July 2, 2008

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com